# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3480

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of North Dakota. |
| Deven J. Poitra, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 17, 2011
Filed: August 10, 2011

_____

Before SMITH, BRIGHT, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

A jury convicted Deven Poitra of one count of aggravated sexual abuse under 18 U.S.C. §§ 1153, 2241(c) and one count of failure to register as a sex offender, as required by the Sex Offender Registration and Notification Act (SORNA), under 18 U.S.C. § 2250. Poitra appeals, challenging his conviction as well as the district court's[1] imposition of certain special conditions of supervised release. We affirm.

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

## I.

We recite the facts in the light most favorable to the verdict. In 2009, Poitra began living in Leroy Nadeau's home located near Dunseith, North Dakota. Among those also living in the home was J.M., Nadeau's ten-year-old daughter. On December 20, 2009, Poitra grabbed J.M., forcibly took her to the laundry room of the Dunseith home, and inserted his finger into her vagina.

Poitra was initially indicted on a single count of aggravated sexual abuse of a child on January 13, 2010. The Government later filed a superceding indictment, adding a count for failure to register in violation of SORNA.[2] The basis for the second count was Poitra's failure to update his residence, as required by SORNA, when he began living in the Dunseith home.

Following a two-day trial, a jury convicted Poitra on both counts. Poitra was then sentenced to 360 months imprisonment—the statutory mandatory minimum—for the aggravated sexual abuse conviction and 120 months imprisonment for the SORNA violation conviction to be served concurrently. The district court also ordered concurrent ten-year terms of supervised release for each count. Poitra argues on appeal that the district court committed two errors in its final jury instructions and two errors in imposing the special conditions of supervised release.

## II.

We typically review a challenge to jury instructions for an abuse of discretion. United States v. White Calf, 634 F.3d 453, 456 (8th Cir. 2011). Where a party fails to timely object to an instruction at trial, however, we review only for plain error.

---

[2]Poitra was required to comply with SORNA's registration requirements because of a 2007 North Dakota juvenile conviction for gross sexual imposition.

United States v. Alcorn, 638 F.3d 819, 822 (8th Cir. 2011).  To obtain relief under a plain-error standard of review, the party seeking relief must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. Curry, 627 F.3d 312, 314-15 (8th Cir. 2010) (per curiam).

A.

Poitra first argues that the district court erred by not including a definition for the term "reside" in the jury instructions even though that term is statutorily defined in SORNA.  Poitra failed to object to this alleged error at trial, and we therefore review only for plain error.

"The district court has wide discretion in formulating appropriate jury instructions."  United States v. Cruz-Zuniga, 571 F.3d 721, 725 (8th Cir. 2009) (quotation omitted).  Accordingly, we will affirm the use of particular jury instructions "if they fairly and adequately submitted the issues to the jury."  United States v. Farish, 535 F.3d 815, 821 (8th Cir. 2008) (quoting United States v. Hayes, 518 F.3d 989, 994 (8th Cir. 2008)).  Further, it is typically not necessary to define a particular term in the jury instructions if the meaning being attributed to that term is a matter of common knowledge.  See United States v. Brown, 33 F.3d 1014, 1017 (8th Cir. 1994).

SORNA explains that an individual "resides" at a location, for purposes of that statute, if that location is "the individual's home or other place where the individual habitually lives." 42 U.S.C. § 16911(13).  This definition is similar to the commonly held understanding of the term "reside." See Oxford English Dictionary (3d ed. 2004 & online version 2011), http://www.oed.com/view/Entry/163557 (defining "reside" as "[t]o dwell permanently or for a considerable time, to have one's settled or usual home in or at a particular place").  We therefore conclude that the omission of this

definition from the jury instructions was not an error that is clear under current law because it did not prevent the district court from fairly and adequately submitting the issue to the jury. Moreover, Poitra's substantial rights and the fairness, integrity, and public reputation of judicial proceedings remain unaffected.

B.

Poitra's next contention—which we review for an abuse of discretion—is that the district court erroneously included elements of North Dakota law in its instruction to the jury regarding the elements of a SORNA violation. In its instruction, the district court stated that an element of the SORNA violation was that "the Defendant knowingly failed to update his sex offender registration at least ten days prior to a change of residence or within three business days after a change of residence." On its face, this instruction appears to adopt portions of both North Dakota law and SORNA. North Dakota law requires a convicted sex offender to update his or her registration "at least ten days before the change [of residence]," N.D. Cent. Code § 12.1-32-15(7), whereas SORNA only requires that a registration be updated "within three business days after a change of residence," 42 U.S.C. § 16913(c).

Assuming without deciding that the court's instruction was erroneous, the error was harmless. The period within which Poitra was required to update his sex offender registration was not an issue at trial because Poitra did not dispute the Government's claim that he failed to update his registration. Rather, Poitra's defense at trial was that he continued to live at his grandmother's home throughout the relevant period and that he never actually changed his residence to the Dunseith home. Accordingly, Poitra argued that he never violated SORNA's registration requirements because he never changed his residence. Therefore, because this alleged error in the jury instruction did not relate to an issue that was disputed at trial, it did not affect Poitra's substantial rights. See United States v. Manes, 603 F.3d 451, 458-59 (8th Cir. 2010) (concluding that "[t]he failure to instruct the jury on a theory which was never presented to it could not have affected [the defendant's] substantial rights").

III.

Poitra next alleges that the district court committed two sentencing errors when it imposed various conditions of his supervised release. Because Poitra failed to object to either alleged error before the district court, we review each claim only for plain error.

A.

Poitra's first allegation of sentencing error is that the district court improperly delegated judicial authority to non-judicial officers with respect to two of the special conditions of his supervised release. Special Condition 3 states that Poitra "shall participate in psychological/psychiatric counseling and/or a sex offender program, which may include inpatient treatment as approved by the probation officer." Special Condition 8 states that Poitra shall also "participate in a program for substance abuse as approved by the supervising probation officer." Because Poitra did not object to the imposition of these conditions at trial, we review his claim for plain error. Curry, 627 F.3d at 314.

We have previously addressed similar arguments on multiple occasions. See, e.g., United States v. Wynn, 553 F.3d 1114, 1120 (8th Cir. 2009); United States v. Smart, 472 F.3d 556, 559-60 (8th Cir. 2006). We will uphold "a district court's limited delegation of authority to a probation officer where the court gives no affirmative indication that it would not retain ultimate authority over all of the conditions of supervised release." Wynn, 553 F.3d at 1120; see also United States v. Fenner, 600 F.3d 1014, 1027 (8th Cir. 2010). The district court made no affirmative indication in this case that it would not retain ultimate authority over Poitra's conditions of supervised release, and we therefore find no plain error in the imposition of Special Conditions 3 and 8.

B.

Poitra also argues that the district court committed procedural error when it imposed Special Condition 6 without first explaining why the condition was necessary. Special Condition 6 states:

> The Defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, computer images, videos, or video games, depicting and/or describing "sexually explicit conduct" as defined at 18 U.S.C. § 2256(2) and 2256(8).

Although a district court is given wide discretion in imposing conditions on a defendant's supervised release, each condition must be "reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence of criminal conduct, protection of the public, and treatment of the defendant's correctional needs." United States v. Mayo, 642 F.3d 628, 631 (8th Cir. 2011) (per curiam). In addition, the imposed conditions must involve "no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(2). As a result, when imposing a special condition of supervised release, a "district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011) (internal quotation omitted).

The parties agree that the district court failed to make the necessary individualized findings, and this error was plain under current law from this Court. See, e.g., Curry, 627 F.3d at 315. Nevertheless, we conclude that Poitra is not entitled to relief under plain-error review.

-6-

Even assuming Poitra could show the error affected his substantial rights, we retain "the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Puckett v. United States, 129 S. Ct. 1423, 1429 (2009) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)); see also United States v. Kent, 531 F.3d 642, 656 (8th Cir. 2008). This final prong of plain-error review is formidable and requires a showing of more than simple prejudice. See United States v. Young, 470 U.S. 1, 15-16 (1985); United States v. Porchay, 533 F.3d 704, 708 (8th Cir. 2008); accord United States v. Robinson, 627 F.3d 941, 956 (4th Cir. 2010) ("Plain error review exists to correct only the most grievous of unnoticed errors."); United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995) ("The plain error doctrine concentrates on 'blockbusters' . . . . Under it, appellate courts will notice unpreserved errors only in the most egregious circumstances."). Poitra bears the burden of persuading us to exercise our discretion in this case, United States v. Vonn, 535 U.S. 55, 63 (2002), but he has failed to do so.

The district court's failure to explain the reason for Special Condition 6 is not egregious enough or of such magnitude that, if uncorrected, would seriously affect the fairness, integrity, or public reputation of judicial proceedings. To be sure, requiring individualized findings helps to ensure that each condition of supervised release complies with the statutory requirements that it be both reasonably necessary and reasonably related to the rehabilitative process. See Wiedower, 634 F.3d at 493. Moreover, requiring an explanation of the need for a special condition helps to instill respect for judicial proceedings in both the defendant and the general public, United States v. Lewis, 424 F.3d 239, 247 (2d Cir. 2005), as well as to allow for meaningful appellate review, Gall v. United States, 552 U.S. 38, 50 (2007). However, in light of Poitra's high risk of recidivism and history of sexual offenses, the reasons for the imposition of Special Condition 6 are discernable from the record, and we find that the district court's failure to expressly state those reasons does not entitle Poitra to relief under plain-error review. Cf. United States v. Cotton, 535 U.S. 625, 632-34

-7-

(2002) (holding fourth prong of plain error review not met where the government failed to allege a drug quantity in its indictment because the evidence of the drug quantity was "'overwhelming' and 'essentially uncontroverted'").

We recognize that prior panels of this Court have held that similar errors satisfied the fourth prong for relief under plain-error review. See, e.g., Curry, 627 F.3d at 315; United States v. Davis, 452 F.3d 991, 995-96 (8th Cir. 2006). These holdings do not compel a similar conclusion here, however, because "[t]he fourth prong [of plain-error review] is meant to be applied on a case-specific and fact-intensive basis." Puckett, 129 S. Ct. at 1433. Accordingly, whether an alleged error seriously affects the fairness, integrity, or public reputation of judicial proceedings depends upon the nature and context of the error as well as the facts of the particular case. See Young, 470 U.S. at 16-17. The instant case differs from our prior decisions in two key aspects: Poitra's notable risk for committing sexual offenses in the future and his prior convictions for sexual offenses.

First, Poitra's particular risk of committing future sexual offenses supports the imposition of Special Condition 6. Poitra's presentence investigation report (PSR) included the findings from a psychosexual evaluation that was conducted after Poitra's 2007 conviction for gross sexual imposition.[3] Notably, the report from this evaluation stated that Poitra's "likelihood of reoffending is high, with [Poitra] clearly being at risk for future similar offending behaviors." In light of Poitra's high risk for recidivism, Special Condition 6 is reasonably related and reasonably necessary to Poitra's rehabilitative process.

Second, Poitra's history of sexual offenses, including his conviction for aggravated sexual abuse in the instant case, also supports the imposition of Special

---

[3]Because Poitra failed to object to these statements in the PSR, the district court could assume them to be true and consider them at sentencing. See United States v. Hunter, 505 F.3d 829, 831 (8th Cir. 2007).

Condition 6. We have repeatedly upheld similar conditions that were imposed on a defendant that had been convicted of a sexual offense. See, e.g., Mayo, 642 F.3d at 631-32; United States v. Demers, 634 F.3d 982, 985 (8th Cir. 2011) (per curiam); United States v. Stults, 575 F.3d 834, 854-55 (8th Cir. 2009); United States v. Boston, 494 F.3d 660, 667-68 (8th Cir. 2007); United States v. Ristine, 335 F.3d 692, 694-95 (8th Cir. 2003). Although none of Poitra's past offenses have actually involved the use of pornography, such a direct connection is not necessary. An imposed condition of supervised release need only be *reasonably related* to the section 3553(a) factors. 18 U.S.C. § 3583(d)(1).

Prohibiting Poitra's possession of material that depicts or describes sexually explicit conduct is reasonably related to the "nature and circumstances" of Poitra's prior sexual offenses against minors and to the goal of "protect[ing] the public from further crimes." 18 U.S.C. § 3553(a)(1); see also Demers, 634 F.3d at 985 (concluding that a defendant's "offense and history, including his prior conviction for sexual abuse," made it unlikely that the imposition of a pornography ban without individualized findings affected the defendant's substantial rights). The relationship between child pornography and the sexual abuse of children is well documented. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 263 (2002) (O'Connor, J., concurring in part and dissenting in part) (explaining that actual and virtual images of child pornography "whet the appetites of child molesters"); S. Rep. No. 104-358, at 2 (finding that child pornography "is often used as part of a method of seducing other children into sexual activity" and that the "use of child pornography can desensitize the viewer to the pathology of sexual abuse or exploitation of children, so that it can become acceptable to and even preferred by the viewer"). Moreover, we have previously upheld prohibitions on the possession of adult pornography even if a defendant's prior sexual offenses have involved children rather than adults.[4] See, e.g.,

---

[4]The special condition imposed in both Wiedower and Boston prohibited the possession of "pornography," United States v. Wiedower, 634 F.3d 490, 496 (8th Cir. 2011); United States v. Boston, 494 F.3d 660, 667-68 (8th Cir. 2007), whereas the

United States v. Wiedower, 634 F.3d 490, 497 (8th Cir. 2011); United States v. Boston, 494 F.3d 660, 668 (8th Cir. 2007). We reached these conclusions because preventing a defendant—who has a demonstrated sexual interest in children—from possessing all sexually explicit material is reasonably related to preventing the defendant from committing sexual offenses in the future. See Wiedower, 634 F.3d at 497 (upholding a prohibition on the possession of adult pornography where defendant displayed only an affinity for child pornography because the condition helped reduce the "chance he will relapse into this dark world"); Boston, 494 F.3d 668 (concluding that a condition against accessing "any form of pornography, sexually stimulating or sexually oriented material" was not overly broad in light of the defendant's history of sexual offenses against children and the need to deter his conduct in the future). Here, Poitra has not only demonstrated a sexual interest in children, but he has actually gone so far as to sexually abuse them. See United States v. Johnson, 446 F.3d 272, 283 (2d Cir. 2006) (explaining the increased importance of needing to prevent future behavior of a defendant that has previously gone beyond mere access to child pornography and has actually sexually abused children). Therefore, preventing Poitra's possession of all material that depicts sexually explicit conduct is reasonably related to help ensure that Poitra does not commit a similar act in the future.

---

special condition at issue here prohibits only the possession of material that describes or depicts "sexually explicit conduct" as defined at 18 U.S.C. § 2256(2) and 2256(8). Although precisely defining "pornography" is difficult, see United States v. Simons, 614 F.3d 475, 484 n.4 (8th Cir. 2010), we note that the special condition at issue here is arguably more narrow than a blanket prohibition on all forms of "pornography," compare United States v. Loy, 237 F.3d 251, 266-67 (3d Cir. 2001) (holding that a ban on the possession of pornography could apply to "any art form that employs nudity," including medical textbooks), with United States v. Wallenfang, 568 F.3d 649, 656-58 (8th Cir. 2009) (clarifying that material depicting "sexually explicit conduct," as defined by section 2256, does not include material containing mere nudity alone, but only material that is "sexual in nature" (quotation omitted)).

In summary, we conclude that relief under plain-error review is unwarranted. In addition to two convictions for sexual offenses within four years, Poitra possesses a high risk of recidivism for similar behavior in the future. We therefore believe there is adequate support for Special Condition 6 on the record and that remand is not necessary to protect the respect and trust for the judicial process from being seriously undermined. In fact, we note that awarding the relief that Poitra seeks could also threaten the fairness, integrity, and public reputation of judicial proceedings. See Puckett, 129 S. Ct. at 1428-29; Johnson v. United States, 520 U.S. 461, 470 (1997); Kent, 531 F.3d at 656-57. The balance struck for relief under plain-error review requires individual parties to take responsibility for the protection of their legal rights through timely objections that allow the district court—which "is ordinarily in the best position to determine the relevant facts and adjudicate the dispute," Puckett, 129 S. Ct. at 1429—to resolve any alleged errors. See United States v. Padilla, 415 F.3d 211, 223-24 (1st Cir. 2005) (en banc). For example, if Poitra had timely objected to the imposition of Special Condition 6 before the district court, the court, being alerted to the problem, could have explained the reasons for the condition. With the evidence on the record before us, we believe it would have taken little effort for the district court to do so. But despite the district court's repeated calls for any questions or objections during sentencing, both before and after the special conditions were imposed, Poitra voiced none.

We need not speculate, however, about whether the outcome would necessarily have been different if Poitra had timely objected to Special Condition 6 at trial. The fact remains that relief under plain-error review is an exceptional remedy to be used sparingly and only when justice so requires. Poitra has failed to persuade us that this is such an instance.

IV.

The judgment of the district court is affirmed.

_____

-11-