**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4383**

_____

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

LARNELL TORRENCE MINOR,

　　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:11-cr-00055-JPB-DJJ-1)

_____

Submitted:  November 20, 2012　　　　Decided:  December 3, 2012

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larnell Torrence Minor appeals from his convictions and seventy-one month sentence for failure to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). On appeal, he challenges the admission of prior similar convictions, the jury instructions, his obstruction of justice enhancement, and his sentence. We affirm.

I.

Minor first challenges the admission of evidence regarding his prior convictions for failure to register under Maryland law.[1] We review a district court's evidentiary rulings for abuse of discretion. United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011), cert. denied sub nom. Goodman v. United States, 132 S. Ct. 468 (2011). An abuse of discretion occurs if the court commits "[a]n error of law" or "act[s] arbitrarily or irrationally in admitting evidence." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted).

---

[1] Minor was convicted of failure to register in Maryland in 2000, 2004, and 2009. He explicitly challenges the admission of the 2000 and 2004 convictions. He does not address the admission of the 2009 conviction.

Rule 404(b) prohibits the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character" and action in conformity with that character on a particular occasion, Fed. R. Evid. 404(b)(1), but provides that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Under this court's precedent, Rule 404(b) evidence is admissible only if the district court determines it is (1) relevant to some issue other than the defendant's general character, (2) necessary, and (3) reliable. United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). In addition, the evidence's probative value cannot be substantially outweighed by its danger of unfair prejudice. Id.

"To be relevant, evidence need only to have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996) (internal quotation marks omitted). The greater the similarity between Rule 404(b) evidence and the fact in question, the more relevant the Rule 404(b) evidence becomes. United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). To be necessary, the evidence need not be critical to the prosecution's case but need only be

3

"'probative of an essential claim or an element of the offense.'" United States v. Rooks, 596 F.3d 204, 211-12 (4th Cir. 2010) (quoting Queen, 132 F.3d at 997). We have repeatedly held that "'[a] not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent.'" United States v. Van Metre, 150 F.3d 339, 350 (4th Cir. 1998) (quoting United States v. Sanchez, 118 F.3d 192, 196 (4th Cir. 1997)).

Minor argues that his prior Maryland convictions are not relevant because they are remote in time and involved a different statute with different elements. We find that the Rule 404(b) evidence was relevant to establish "truth as to a disputed issue," Queen, 132 F.3d at 996, by making less probable Minor's attempted defense that he was unaware of the registration requirements. Although Minor's state convictions were pursuant to a state, rather than federal, statute, the differing language in the statutes did not limit the otherwise striking similarity between these prior acts and the charged crime. Specifically, both involved Minor's knowing failure to register as a sex offender. Additionally, although Minor claims that the convictions are remote in time, the last state conviction was actually from 2009, and the repeated violations tended to show that Minor had notice of the registration requirements, such that any failure to comply would be knowing.

4

As such, the Rule 404(b) evidence was relevant based on the substantial similarity in the state of mind required for the Rule 404(b) conduct and the charged conduct.

We conclude that the Rule 404(b) evidence was also necessary to the Government's case. Minor testified at length regarding his purported lack of knowledge of both the state and federal registration requirements. Thus, the Rule 404(b) evidence, describing prior instances in which Minor was convicted for knowing failure to register, was both relevant and necessary, and thus admissible. Cf. United States v. Yearwood, 518 F.3d 220, 230 n.* (4th Cir. 2008) (affirming admission of Rule 404(b) evidence to demonstrate intent and knowledge, when Yearwood placed those elements at issue through his theory at trial); Sanchez, 118 F.3d at 196 (holding that not-guilty plea puts intent at issue, and evidence of similar prior crimes may be relevant to prove intent in charged crime); United States v. Roberts, 619 F.2d 379, 382-84 (5th Cir. 1980) (holding Rule 404(b) evidence admissible to establish intent to join conspiracy unless defendant affirmatively removes issue from case, for example by stipulation). Moreover, it is undisputed that the court documents were reliable, and the court took steps to limit any prejudice by instructing the jury on two separate occasions that the evidence could only be used to draw an inference that Minor acted knowingly and intentionally. Based

5

on the foregoing, the district court's admission of Minor's prior convictions was not an abuse of discretion.

II.

Minor next argues that the court erred in instructing the jury with respect to the definitions of "reside" and "habitually live." Under SORNA, "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides." 42 U.S.C. § 16913(a) (2006). The term "resides" is defined as "the location of the individual's home or other place where the individual habitually lives." 42 U.S.C. § 16911(13) (2006).

The district court instructed the jury that "[h]abitually lives includes places in which the sex offender lives with some regularity," a definition from the National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38,030, 38,061-62 (July 2, 2008). The jury sent a note asking for further clarification of the phrase "habitually lives." Minor suggested the phrase be defined as "any place in which the sex offender lives for at least 30 days," based upon the SORNA Guidelines. The Government objected, averring that there was no support for a consecutive 30-day requirement. The court compromised and instructed the jury, without objection, that "a person would live with some regularity in any

6

jurisdiction where he is present for 30 days or more during the period from August 10, 2010, to August 10, 2011."

The jury again had questions for the court. They sought the federal definitions of "habitual residence" and "permanent residence." They also asked how the definition of "lives with some regularity" related to the terms "resides" and "habitually lived." Without objection, the court told the jury that the court had already defined all the terms and could not define them further. Minor now asserts that the court was unable to give an adequate jury instruction because SORNA does not appropriately define the terms. In addition, Minor argues that the court was improperly unresponsive to the jury's request for clarification.

We review jury instructions in their entirety and as part of the whole trial to determine whether the district court adequately instructed the jury on the elements of the offense and the accused's defenses. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995). Both the decision whether to give a jury instruction and the content of that instruction are reviewed for abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009). It is typically not necessary to define a particular term in the jury instructions if the meaning attributed to that term is a matter of common knowledge. United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011).

7

In Poitra, the Eighth Circuit ruled that the statutory definition of "resides" as "habitually lives" is similar to the commonly held understanding of the term. As such, even that definition was not required to be given to the jury, and even absent any additional explanation, the issue was fairly and adequately submitted to the jury. Id.; see also United States v. Namey, 364 F.3d 843, 845 (6th Cir. 2004) (finding that "resides" in a federal child support statue has a commonly accepted meaning of physical presence with an intent to stay for an indefinite period of time, but not necessarily permanently, and also noting that a person may have more than one residence).

Here, the court instructed the jury on the definition of "residence" contained in the statute and the definition of "habitually lived" contained in the SORNA Guidelines. While the thirty-day instruction did not specify whether the thirty days had to be consecutive or could be aggregated, the ambiguity was not objected to by the parties when offered by the court as a compromise, and the thirty days is not further explained in the Guidelines. Moreover, the "thirty-day" description was presented as an example of what would constitute "living with some regularity," not as a minimum requirement. We conclude that the court's legally correct definitions, combined with the fact that the terms are commonly understood as a matter of law,

provided adequate instruction to the jury and did not constitute an abuse of discretion.

## III.

Minor next argues that the district court erred in applying an obstruction of justice enhancement based upon his false testimony at trial. Specifically, Minor contends that the court did not articulate a sufficient basis for its ruling and further asserts that the main issue in the case was the legal definition of "reside" as opposed to his credibility. Finally, Minor argues that, if his testimony was false, so was his wife's, his neighbor's and his mother's, and none of them had been charged with perjury.

We review for clear error a district court's determination that a defendant obstructed justice. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). According to U.S. Sentencing Guidelines Manual § 3C1.1 (2011), a defendant's base offense level is to be increased two levels for obstruction of justice if –

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct[.]

The application notes for § 3C1.1 specifically include perjury by the defendant and providing materially false information to a judge or magistrate. USSG § 3C1.1 comment. (n.4(b), (f)). For purposes of § 3C1.1, the Supreme Court has defined perjury as "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Under Dunnigan, "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding[,]" id. at 95, but it is sufficient if the district court makes a determination "that encompasses all of the factual predicates for a finding of perjury." Id.

The district court made a finding that Minor gave false testimony, willfully intending to mislead the jury. Specifically, the court concluded that Minor was living in West Virginia significantly more than his testimony supported, and Minor conceded that the main issue in the case was whether he was in West Virginia enough to trigger registration under SORNA. In addition, the court explicitly found that Minor "did in fact commit perjury." Because the court's findings, combined with Minor's admissions, encompassed all the elements of perjury, we

find that the court's ruling was sufficient to form the basis for an obstruction enhancement.[2]

Moreover, the district court's ruling contradicted Minor's contention that his credibility was not an issue in the case. While the ultimate issue was whether Minor's time in West Virginia triggered the statute, the parties quite clearly disagreed on how much time Minor spent in West Virginia. As such, Minor's testimony was not only material to an element of the case, but also hotly disputed. Based on the foregoing, the enhancement was not clearly erroneous.[3]

IV.

Finally, Minor claims that the district court erred by departing upwards based upon Minor's criminal history.

---

[2] The court did not explicitly rule on the materiality of Minor's false testimony. While an explicit ruling would have been preferable, it is sufficient if the court's factual findings "clearly establish[]" this element. See United States v. Perez, 661 F.3d 189, 193 (4th Cir. 2011). Given Minor's own contention at sentencing that the main issue in the case was whether Minor spent enough time in West Virginia to require him to register, the materiality of the testimony was clearly established. See also United States v. Quinn, 359 F.3d 666, 681 (4th Cir. 2004) (upholding obstruction of justice enhancement despite court's failure to rule on materiality of false testimony, given that the testimony concerned the "essential facts charged").

[3] Minor's contention that the other defense witnesses had not been charged with perjury is irrelevant to the court's finding that he perjured himself.

11

According to Minor, the district court improperly adopted the presentence report's ("PSR") proposed "extended Guidelines table" and calculated Minor's Guidelines range under a "fictional" Criminal History Category VIII. However, the record does not support Minor's argument. Although the court considered a departure calculated in conformity with the PSR, the court eventually calculated Minor's Guidelines range based upon a Criminal History Category VI. The court then sentenced Minor to seventy-one months in prison, the high end of his Guidelines range, with no departure. As there was no departure or variance involved, Minor's claim is without merit.

Based on the foregoing, we affirm Minor's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED