# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1692

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Robert Simpson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 16, 2019
Filed: August 6, 2019

_____

Before BENTON, WOLLMAN, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Kenneth Robert Simpson directly appeals after the district court[1] revoked his supervised release for the third time, sentenced him to 24 months in prison, reimposed a life term of supervised release (with special conditions of supervision), and imposed

_____

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

several new conditions of supervision. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

At sentencing, Simpson challenged the 24-month sentence as "beyond excessive" and objected to the imposition of the special conditions claiming there were "no factual findings made as to the necessary nature of any of the conditions." In his pro se brief, he again asserts the double-jeopardy, reintegration and recusal arguments he presented in a prior appeal, and states he has no intention of complying with the terms of release.

Because Simpson objected at sentencing, this court reviews a revocation sentence and the imposition of conditions for an abuse of discretion. *United States v. Fonder*, 719 F3d 960, 961 (8th Cir. 2013); *United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir. 2011); *United States v. Richart*, 662 F.3d 1037, 1056 (8th Cir. 2011); *United States v. Miller*, 557 F.3d 910, 915-18 (8th Cir. 2009).

The district court did not abuse its discretion imposing a 24-month revocation sentence because it properly considered the 18 U.S.C. § 3553(a) factors, and did not overlook a relevant factor, or commit a clear error in weighing relevant factors. *United States v. Larison*, 432 F.3d 921, 922-24 (8th Cir. 2006). The sentence was below the statutory limit. **18 U.S.C. §§ 3583(e)(3), (h), (k)**. Simpson's objection to the court reimposing old supervised release conditions amounts to an improper collateral attack of the underlying sentence. *Miller*, 557 F.3d at 913.

District courts are encouraged to provide an explanation of how the conditions satisfy the requirements of § 3583(d), but where the basis for the special conditions can be discerned from the record, reversal is not required. *United States v. Thompson*, 888 F.3d 347, 351 (8th Cir. 2018); *United States v. Poitra*, 648 F.3d 884, 890 (8th Cir. 2011); *United States v. Thompson*, 653 F.3d 688, 691, 693-94 (8th Cir. 2011). Special Condition No. 24 requires Simpson to submit to periodic polygraph

testing (at the discretion of the probation officer) to ensure compliance with the requirements of his supervision or treatment. Simpson admitted he did not report to the community corrections center or to the probation officer as required. He has repeatedly stated that he does not intend to comply with the terms of his supervised release, and he has repeatedly failed to comply. The record strongly supports the imposition of this Condition. *Wiedower*, 634 F.3d at 494.

There was no abuse of discretion in the imposition of Special Condition No. 23, which prohibits the use or possession of audio/visual recording or producing equipment absent written approval of the probation office. Although Simpson was not charged with producing or distributing child pornography, the record reflects he received at least 300 but fewer than 600 images of child pornography, all of which were produced using photographic equipment. Pictures were used in this offense even if Simpson did not produce or distribute the images, making this Condition reasonably related to the offense. Simpson is not completely restricted from the use or possession of audio/visual recording or producing equipment if he first obtains permission from his probation office. *United States v. Craig*, 642 Fed. Appx. 632, 636 (8th Cir. 2016); *United States v. Koch*, 625 F.3d 470, 481 (8th Cir. 2010); *United States v. Ristine*, 335 F.3d 692, 696 (8th Cir. 2003).

This court declines to consider Simpson's arguments that (1) supervised release and revocation violate double-jeopardy principles and inhibit reintegration into society, and (2) the district court judge should have recused himself. These arguments have been considered and rejected by this court on direct appeals from Simpson's prior revocations. *United States v. Simpson*, 704 Fed. Appx. 609 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 1314 (2018); *United States v. Simpson*, 653 Fed. Appx. 850 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 318 (2016). When a court decides a rule of law, that decision governs the same issues in subsequent stages of the case. *Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132, 1134-35 (8th Cir. 2007). This court also declines to address Simpson's newly-raised assertion that this court's prior

rulings never adjudicated his claims because it is no more than a collateral attack on those prior rulings.

The judgment is affirmed.

\* \* \* \* \* \* \*

KELLY, Circuit Judge, dissenting in part.

"[A] district court is given wide discretion in imposing conditions on a defendant's supervised release." Poitra, 648 F.3d at 889. Notwithstanding this discretion, a district court may order a special condition of supervised release only if that condition is "reasonably related" to certain factors enumerated in § 3553(a), "involves no greater deprivation of liberty than is reasonably necessary" for the purposes of certain § 3553(a) factors, and "is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d). Given these limitations, "when imposing a special condition of supervised release, a 'district court *must* make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" Poitra, 648 F.3d at 889 (emphasis added) (quoting Wiedower, 634 F.3d at 493). We have repeatedly held that the failure to make individualized findings constitutes error. See, e.g., United States v. Osman, No. 18-1502, 2019 WL 3022331, at \*3 (8th Cir. July 11, 2019) ("Failure to make these particularized findings is plain error."); Poitra, 648 F.3d at 889. And we have stressed that requiring individualized findings helps to "ensure that each condition of supervised release complies with the statutory requirements that it be both reasonably necessary and reasonably related to the rehabilitative process"; "instill respect for judicial proceedings in both the defendant and the general public"; and "allow for meaningful appellate review." Poitra, 648 F.3d at 889–90.

-4-

Yet, even after Simpson objected at the first opportunity to the lack of individualized findings, the district court failed to make any. Today the court excuses the district court's error on the ground that the basis for Special Condition 23 can be discerned from the record. I disagree. We have previously upheld a similar condition where aggravating factors made it "reasonable to believe" that the defendant "likely" would photograph and exchange images of minors. Ristine, 335 F.3d at 695–96. For example, in Ristine, on plain-error review, we upheld a restriction on a defendant's use of photographic equipment where he "possessed thousands of photos of [minors,] expressed interest in having sexual relations with [minors]," and had sold subscriptions to pornographic images. Id. Likewise, in Koch, we upheld a similar restriction where the overall record showed that the defendant was a "sophisticated computer user" who had done "more than merely possess child pornography." 625 F.3d at 481–82.

Here, in contrast, I discern nothing from the record that would support a ban on audio/visual recording or producing equipment—including, by its plain language, a cell phone equipped with a camera. Simpson is not accused of producing child pornography or exchanging it with others, and the Presentence Investigation Report (PSR) includes no information from which it would be reasonable to believe that the restriction is justified. To the contrary, the PSR stated expressly that Simpson's conduct "was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and the defendant *did not intend to traffic in, or distribute, such material*." (emphasis added). I respectfully disagree with the court's view that because someone *other* than Simpson used photographic equipment to create the images that Simpson possessed, the condition is necessarily justified in *Simpson's* case. As we have explained, the district court "must be careful to conduct an inquiry 'on an individualized basis,'" United States v. Kelly, 625 F.3d 516, 519–20 (8th Cir. 2010) (quoting United States v. Davis, 452 F.3d 991, 995 (8th Cir. 2006)), and "may not impose special conditions categorically on all individuals convicted of certain

-5-

offenses," id. at 520.  Because this record lacks the necessary individualized findings, I would vacate Special Condition 23 and remand for resentencing.

—————————————————