# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3652

_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan Ross Graves

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 15, 2020
Filed: July 28, 2020
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Two days after being released from a halfway house to his own residence and while on federal supervision for a prior sexual assault, Jonathan Ross Graves ("Graves") violated a term of his supervised release conditions mandating that he not commit another federal, state, or local crime. Following guilty pleas to state charges

for first-degree criminal sexual conduct and kidnapping, the state district court sentenced Graves to a 30-year term of imprisonment.

Graves admitted the allegations contained in the petition for revocation of his federal supervision, and sought a concurrent sentence within the advisory Sentencing Guidelines range of 27 to 33 months. The district court[1] revoked Graves' supervision and sentenced him to a consecutive 60-month term of imprisonment. Graves appeals, arguing the district court imposed an unreasonable and greater-than-necessary sentence.

When reviewing revocation sentences, we apply the same deferential abuse of discretion standard applicable to initial sentencing proceedings. United States v. Hall, 931 F.3d 694, 696 (8th Cir. 2019). A district court abuses its discretion in imposing a revocation sentence when it fails to properly consider the 18 U.S.C. § 3553(a) factors, overlooks a relevant factor, or commits a clear error in weighing relevant factors. United States v. Simpson, 932 F.3d 1154, 1156 (8th Cir. 2019). We review a district court's decision to impose a consecutive or concurrent sentence for reasonableness, which is similar to the abuse of discretion standard. United States v. Benton, 627 F.3d 1051, 1055–56 (8th Cir. 2010).

Contrary to Graves' assertion that the district court failed to consider his mitigating arguments, our review of the record reflects that the court discussed the § 3553(a) factors and particularly noted Graves' prior revocations and spate of criminal actions, all of which culminated in what the court called "the lowest degradation of society." Given the risk Graves posed to the public, the court opined that a maximum

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

sentence would be appropriate. In the district court's view, "restraint" was "the one way" to stop his record of "committing crime over and over again." The court's analysis was an appropriate application of the § 3553(a) factors. While Graves desires to have a concurrent sentence imposed, the Sentencing Guidelines contemplate consecutive sentences where a defendant on supervised release commits a state offense even if the state offense and the revocation allegations arise out of the same conduct. See U.S.S.G. § 7B1.3(f). The district court did not abuse its discretion in imposing a consecutive 60-month term of imprisonment, and we affirm.

_____