# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3332
_____

United States of America

*Plaintiff - Appellee*

v.

Brian Lee Rhodes

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs
_____

Submitted: September 21, 2020
Filed: November 4, 2020
[Unpublished]
_____

Before BENTON, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Brian Rhodes pleaded guilty to three counts of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1). At sentencing, the

district court[1] sentenced Rhodes to three concurrent terms of 360 months in prison on the coercion and enticement counts and 240 months, also to be served concurrently, on the distribution count. The resulting sentence of 360 months was at the bottom of the advisory guidelines range of 360 months to life. The district court imposed a fifteen-year term of supervised release on each count, to be served concurrently. In addition, the court imposed a $100 special assessment per count and a $5,000 mandatory special assessment under the Justice for Victims of Trafficking Act (JVTA), 18 U.S.C. § 3014. The fine range for the offense was from $50,000 to $250,000. However, a fine was waived and restitution was not identified. On appeal, Rhodes argues the district court erred by imposing the $5,000 special assessment. He also challenges the substantive reasonableness of his sentence. We affirm.

"[Section] 3014 expressly limits its special assessment to 'non-indigent' persons." United States v. Kelley, 861 F.3d 790, 799 (8th Cir. 2017); see also 18 U.S.C. § 3014(a)(3) (stating that "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of" enumerated offenses, including the sexual exploitation of children). Rhodes argues the district court erred by ordering the $5,000 special assessment (1) without making an express finding that he was non-indigent and (2) based on a record that fails to support such a finding. Because Rhodes raises this argument for the first time on appeal, we review for plain error. To obtain relief, Rhodes "must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011).

To determine whether a defendant is non-indigent for purposes of the JVTA, a court can consider a defendant's current financial situation and his ability to pay in

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

the future. <u>Kelley</u>, 861 F.3d at 801. An individual may be indigent for purposes of appointing counsel and, at the same time, may be non-indigent for purposes of the JVTA special assessment. <u>Id.</u> At sentencing, the district court adopted the Presentence Investigation Report (PSR).[2] The PSR contained factual information about Rhodes's "overall financial status," including his assets, liabilities, net worth, education, work history, and recent annual income. The PSR indicated that Rhodes's net worth at the time of sentencing was slightly negative and stated that, "[b]ased on the defendant's present financial status, it appears [Rhodes] is unable to pay a monetary obligation in addition to restitution." The PSR also indicated that Rhodes completed high school and some portion of community college. He had a consistent work history and had reported an adjusted gross annual income of between $38,723 and $45,457 to the Internal Revenue Service for the three years prior to his incarceration.

The district court made no additional findings of fact when it imposed the $5,000 special assessment. The court noted it was "imposing the $5,000 victim assessment and . . . prioritizing that over the imposition of a fine," and instructed Rhodes and the United States Probation Office to develop a monthly payment plan once Rhodes was on supervised release.

The district court's ruling reflects at least an implicit determination that Rhodes was "non-indigent," and we conclude that this implicit finding was both adequate under the circumstances and not plainly erroneous. Rhodes made no objection to the financial facts in the PSR or to the imposition of the special assessment. Under these circumstances, the district court did not commit plain error by relying on the facts as presented in the PSR in coming to its conclusion that the mandatory special

---

[2]The court adopted the PSR with a slight factual amendment about the underlying offense conduct.

assessment was applicable to Rhodes and that he had the ability to pay the assessment in the future. Further, despite the record showing that Rhodes had a slightly negative net worth at the time of sentencing, given his future ability to work and his access to a payment plan, we conclude there was no plain error in finding that Rhodes is non-indigent for purposes of the $5,000 special assessment. See Kelley, 861 F.3d at 802 (concluding that the district court did not clearly err in finding the defendant non-indigent for purposes of JVTA because, even though he had a slightly negative net worth at the time of sentencing, he had the ability to earn money in the future); see also Poitra, 648 F.3d at 889 (refusing to grant relief, even upon a finding that the district court committed plain error, because the error was "not egregious enough or of such magnitude that, if uncorrected, would seriously affect the fairness, integrity, or public reputation of judicial proceedings").

Rhodes also argues his sentence was substantively unreasonable because the district court did not give sufficient weight to mitigating evidence about his traumatic childhood. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. Id. The court expressly noted that the mitigating evidence about Rhodes's childhood weighed in favor of its decision to impose concurrent bottom-of-the-range sentences. In the view of the district court, the seriousness of the offense still carried enough weight that a downward variance was not warranted. We find no abuse of discretion.

The judgment is affirmed.

_____