# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3999

_____

United States of America

*Plaintiff - Appellee*

v.

Michael David Franson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 2, 2022
Filed: May 5, 2022
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Michael Franson appeals after the district court[1] revoked his supervised release and sentenced him to time served and 36 months of supervised release, with a special

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

condition that the first 120 days of his supervised release be spent in a residential reentry center (RRC). His counsel has moved to withdraw, and has filed a brief challenging the revocation sentence.

After careful review of the record, we conclude that Franson's sentence was not unreasonable, as there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. See United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (this court reviews district court's decision to revoke supervised release for abuse of discretion); United States v. Larison, 432 F.3d 921, 922-23 (8th Cir. 2006) (Chapter 7 revocation range is purely advisory; revocation sentence may be unreasonable if district court fails to consider relevant 18 U.S.C. § 3553(a) factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment); see also United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines sentence may be presumed reasonable). The revocation sentence and additional term of supervised release are within the statutory maximum, see 18 U.S.C. § 3583(e)(3), (h), (k); and the district court noted that it had considered the 18 U.S.C. § 3553(a) factors, see United States v. Wohlman, 651 F.3d 878, 887 (8th Cir. 2011) (court need not mechanically recite § 3553(a) factors, so long as it is clear from record that court actually considered them in determining sentence).

We also conclude that the district court did not abuse its discretion by requiring Franson to spend the first 120 days of his supervised release in the RRC, as this condition was reasonably related to his history of violating the conditions of supervised release. See United States v. Melton, 666 F.3d 513, 517-18 (8th Cir. 2012) (this court has regularly upheld requirement of term in RRC as reasonable condition of supervised release; district court has broad discretion to impose special conditions that are reasonably related to § 3553 factors, involve no greater

deprivation of liberty than reasonably necessary, and are consistent with any pertinent Sentencing Commission policy statements).

To the extent Franson argues in his pro se brief that the district court abused its discretion in denying his request to remove the special condition banning the use of electronic devices and access to the internet without prior authorization, we conclude that the record supports the district court's decision to deny the modification. See United States v. Mosby, 719 F.3d 925, 930 (8th Cir. 2013) (denial of motion to modify terms of supervised release is reviewed for abuse of discretion); see also United States v. Simpson, 932 F.3d 1154, 1156 (8th Cir. 2019) (courts are encouraged to provide explanation for how conditions satisfy 18 U.S.C. § 3583(d), but where basis for special conditions can be discerned from record, reversal is not required).

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____