# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1945

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Bailey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: May 12, 2025
Filed: July 1, 2025
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

A jury convicted Jeffrey John Bailey of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district

court[1] sentenced him to 144 months in prison. He challenges his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Bailey believes the court erred in providing a willful blindness instruction to the jury because "the government lacked sufficient evidence to warrant" it. This court reviews challenges to jury instructions for abuse of discretion. *United States v. Joiner*, 39 F.4th 1003, 1010 (8th Cir. 2022). A "district court has wide discretion in formulating appropriate jury instructions." *United States v. Poitra*, 648 F.3d 884, 887 (8th Cir. 2011). "A willful-blindness jury instruction is particularly relevant in a case where the defendant asserts a lack of guilty knowledge in the face of immense evidence supporting an inference of deliberate indifference." *United States v. Burns*, 990 F.3d 622, 628 (8th Cir. 2021) (cleaned up). "Ignorance is deliberate if the defendant was presented with facts" that put him "on notice that criminal activity was particularly likely" and yet he "intentionally failed to investigate those facts." *United States v. Florez*, 368 F.3d 1042, 1044 (8th Cir. 2004).

At trial, the government presented evidence of Bailey's deliberate indifference. Co-defendant, Vonda Hand, testified that she paid Bailey to drive her from South Dakota to Arizona (where Hand's meth supply was located). She gave him "user amounts" of meth to "get high" when they stopped along the way. Asked about the purpose of the trips, Vonda advised Bailey that, "It was best you did not ask any questions." On their second trip, Bailey saw Hand with 13.5 pounds of meth. Bailey also saw Hand repackage the meth into bags of salt. Although he was "very angry," he agreed to drive her back to South Dakota with it. Stopped by police on the way home, Bailey told officers he had "traveled to Hot Springs to get fuel for the vehicle." He never mentioned Arizona. He told officers there were no drugs in the car. "Because the evidence at trial was sufficient to establish that [Bailey] either had actual knowledge of the methamphetamine or deliberately failed to inquire about it, the willful blindness instruction was appropriate." *United States v. Trejo*, 831 F.3d

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of South Dakota.

1090, 1095 (8th Cir. 2016) (holding that if defendant was not aware of meth distribution, "it was only because she chose not to investigate the facts suggesting that criminal activity was afoot"). *See United States v. Atkins*, 881 F.3d 621, 627 (8th Cir. 2018) (upholding a willful blindness instruction where there was sufficient evidence that the defendant "deliberately turned a blind eye to … clearly illicit activity").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____