# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2575

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Robert Simpson

*Defendant - Appellant*

_____

No. 24-2576

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Robert Simpson

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Kenneth Simpson pleaded guilty in 2011 to receipt of child pornography under 18 U.S.C § 2252(a)(2). He was sentenced to 60 months in prison and a life term of supervised release. Since then, he has refused to register as a sex offender, leading to three revocations of his supervised release. After serving his fourth prison sentence, he absconded from supervision. The probation office petitioned for a fourth revocation, and the district court issued a warrant for his arrest. About three years later, he was found, arrested, and indicted for failure to register as a sex offender under 18 U.S.C § 2250(a).

Before trial, the district court[1] denied Simpson's pro se motion challenging the constitutionality of § 2250(a). A jury found Simpson guilty, and the district court sentenced him to 60 months in prison, varying up from the 12- to 18-month Guidelines range. The court also imposed a consecutive 10-month revocation sentence, followed by a life term of supervised release.

First, Simpson's constitutional challenges to § 2250(a)(2)(A) fail. His argument that Congress lacked authority to enact § 2250(a)(2)(A) is foreclosed by precedent. United States v. Howell, 552 F.3d 709 (8th Cir. 2009) (holding that § 2250 is constitutional under the Commerce Clause). And his newly raised Due

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri, now retired, adopting the report and recommendation of the Honorable Rodney H. Holmes, United States Magistrate Judge for the Eastern District of Missouri.

Process argument is not properly before us. See Eagle Tech. v. Expander Americas, Inc., 783 F.3d 1131, 1138 (8th Cir. 2015) ("[W]e will not consider an argument raised for the first time on appeal.").

Second, we have held—and now hold for the fourth time—that Simpson's argument that the revocation violates the Double Jeopardy Clause amounts to an "improperly raised collateral attack[] on his underlying conviction and sentence." United States v. Simpson, 653 F. App'x. 850, 851 (8th Cir. 2016) (per curiam); see United States v. Simpson, 704 F. App'x. 609 (8th Cir. 2017) (per curiam); United States v. Simpson, 932 F.3d 1154, 1156–57 (8th Cir. 2019). We will not revisit those decisions. See Simpson, 932 F.3d at 1156–57 ("When a court decides a rule of law, that decision governs the same issues in subsequent stages of the case.").[2]

Third, the district court did not abuse its discretion by imposing an above-Guidelines, 60-month sentence for his failure to register as a sex offender. United States v. Cloud, 956 F.3d 985, 987 (8th Cir. 2019) (standard of review); see United States v. Clark, 998 F.3d 363, 368 (8th Cir. 2021) ("We have repeatedly stated that variances are appropriate based on repeated violations of supervised release." (cleaned up)). Simpson argues that the court gave too little weight to mitigating factors, like the fact that he had a "stable job and housing," and too much weight to aggravating factors, like his persistent refusal to register and yearslong flight from supervision. That the court did not weigh the § 3553(a) factors as Simpson would have preferred does not warrant reversal. United States v. Noriega, 35 F.4th 643, 652 (8th Cir. 2022).

Finally, the district court did not abuse its discretion by reimposing a life term of supervised release at the revocation hearing. United States v. McGhee, 869 F.3d

---

[2]Simpson argues that the Supreme Court's subsequent decision, United States v. Haymond, requires a different result. 588 U.S. 634 (2019). Haymond held that § 3583(k), a provision of the supervised release statute not implicated here, violated the defendant's constitutional right to a jury trial. Id. at 637. It says nothing of the procedural bar at issue here.

703, 706 (8th Cir. 2017) (per curiam) (standard of review).  Simpson argues that the court failed to "explain why it believed such a long term of supervision was necessary."  But it highlighted "Simpson's ongoing blatant defiance of federal, state, and local sex offender registration laws," his "history of violations," and "his refusal to engage in the basic first step of reporting as directed for supervised release."  That was enough.  Clark, 998 F.3d at 368 ("In explaining the sentence, the district court need only set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." (cleaned up)).

Simpson argues in the alternative that, to the extent the district court did explain the revocation sentence, its only asserted justification "was the need to promote respect for the law," an improper factor in a revocation proceeding.  See Esteras v. United States, 145 S. Ct. 2031, 2039–40 (2025). We disagree.  The district court did not rely on that factor, but on appropriate § 3553(a) considerations, including "the nature and circumstances of the offense and the history and characteristics of the defendant."  See United States v. Pratt, 142 F.4th 1090, 1095 (8th Cir. 2025) (quoting § 3553(a)(1)).  It "did not abuse its discretion by placing great weight on [Simpson's] history of noncompliance with court supervision."  Id.

Affirmed.

_____