# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3428

_____

United States of America

*Plaintiff - Appellee*

v.

Gerald Lebeau

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: October 15, 2012
Filed: October 31, 2012
[Unpublished]

_____

Before BYE, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gerald Lebeau appeals the district court's[1] reimposition of a special condition of supervised release following his revocation sentence of three months in prison.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

Lebeau's supervised release was revoked when he absconded from a community corrections center and tested positive for cocaine. Lebeau contends that the special condition requiring that he refrain from consuming alcoholic beverages or frequenting establishments whose primary business is the sale of alcoholic beverages was unnecessary and reimposed without individualized findings. Lebeau did not object to this special condition at his revocation sentencing, and we review for plain error. United States v. Poitra, 648 F.3d 884, 888 (8th Cir. 2011). We have reviewed the record and find no plain error. At the revocation hearing, the district court made individualized findings regarding Lebeau's history of substance abuse and his need to remain "clean and sober." And, the record reflects that the condition was tailored to Lebeau's history and characteristics (which included both drug and alcohol offenses), the deterrence of criminal conduct, the protection of the public, and Lebeau's correctional needs. See 18 U.S.C. §§ 3553(a), 3583(d) (setting forth factors the court should consider in ordering special conditions of supervised release). We also credit the government's argument that had Lebeau not violated the conditions of supervised release, his special conditions would have remained in effect for three years following his release from custody in April 2010. We agree that Lebeau should not be able to benefit from his violations. Accordingly, we affirm.[2]

--------------------------------

[2]We also reject Lebeau's claim that the district court did not have jurisdiction over him based upon the 1868 Fort Laramie Treaty. See United States v. Drapeau, 414 F.3d 869, 878 (8th Cir. 2005) (holding that the Fort Laramie Treaty does not deprive federal courts of subject matter jurisdiction over federal drug trafficking cases).