# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1295

_____

United States of America

*Plaintiff - Appellee*

v.

Larry Big Boy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: June 24, 2014
Filed: November 20, 2014
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

While Larry Big Boy was serving a period of supervised release following release from imprisonment on a conviction for attempting to sexually engage in

contact with a minor, the district court[1] found he had violated a condition of his supervised release and imposed a revocation sentence consisting of 6 months in prison and 2 years of supervised release. On appeal, Big Boy's counsel moves to withdraw, and raises two arguments: (1) the revocation prison sentence is unreasonable and (2) the court abused its discretion by continuing all of the conditions of supervised release from Big Boy's original term, without assessing whether each condition was still necessary.

Since briefing in this case was completed, counsel for Big Boy advised the Court that Big Boy has completed his six-month revocation prison sentence and that the issue of the reasonableness of the prison sentence is now moot. Accordingly, the appeal as to this issue is dismissed as moot.

At the revocation hearing, Big Boy did not voice any concerns about the propriety of the reimposed release conditions, and the court did not err, plainly or otherwise, in not examining sua sponte whether the conditions were still warranted. See United States v. Simons, 614 F.3d 475, 478-81 (8th Cir. 2010); United States v. Lebeau, 490 Fed. Appx. 831, 832 (8th Cir. 2012) (unpublished per curiam) (defendant should not benefit from supervised release violations, where special conditions of supervised release would have remained in effect at time in question if defendant had not violated supervised release). Accordingly, we affirm.

As to counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____