# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1148

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Lincoln

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 22, 2017
Filed: December 13, 2017

_____

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Richard Lincoln had his term of supervised release revoked. His revocation sentence included a new term of supervised release, which has the same special conditions as the original revoked term. Lincoln now argues that the re-imposition of one condition in particular—a condition that he did not object to or appeal from

when it was originally imposed—is outside the bounds of the district court's[1] discretion. We disagree and affirm the district court.

## I.

Lincoln challenges the re-imposition of Special Condition #4, which states in part that "[Lincoln] must participate in a mental health evaluation and/or treatment program" that "may include participation in a sex offender treatment program." It was re-imposed after Lincoln's supervised release was revoked, primarily because he used marijuana on multiple occasions and lied to his probation officer about it.[2] The district court's revocation sentence was comprised of a six-month term of imprisonment and a new three-year term of supervised release that continued the special conditions—including Special Condition #4—that were on his original term.[3] Lincoln specifically objected to the re-imposition of Special Condition #4 at his revocation hearing. He did not, however, object to or appeal that condition when it was imposed as part of his original term of supervised release.[4] Lincoln continues his challenge here, and it is his sole claim on appeal.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa .

[2]Lincoln's term of supervised release was also revoked because he associated with a person involved in criminal activity.

[3]The district court imposed one additional condition that Lincoln "reside in a Residential Reentry Center for a period up to 60 days" after imprisonment.

[4]Lincoln was also re-sentenced on three separate occasions because of revisions to the United States Sentencing Guidelines. Lincoln did not object to Special Condition #4 on these occasions either.

II.

We review the district court's imposition of Special Condition #4 over Lincoln's objection for abuse of discretion. United States v. Thompson, 653 F.3d 688, 691 (8th Cir. 2011). Conditions of supervised release are governed by 18 U.S.C. § 3583(d), which mandates that each condition "1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission." United States v. Godfrey, 863 F.3d 1088, 1101 (8th Cir. 2017) (internal quotation marks omitted) (summarizing requirements of § 3583(d)). District courts have "broad discretion" within this statutory framework and need only consider the factors referenced by § 3583(d) (and spelled out in § 3553(a)) individually rather than collectively in relation to each condition imposed. United States v. Hart, 829 F.3d 606, 608-09 (8th Cir. 2016) (internal quotation marks omitted).

Lincoln's primary argument on appeal is that Special Condition #4 is not "reasonably related" to the "nature and circumstances of the offense"—here, the revocation of a term of supervised release that he was serving for violating federal drug laws—and his "history and characteristics." 18 U.S.C. § 3553(a)(1). Our cases have dealt with similar arguments regarding sex-offender conditions imposed for crimes that are not sexual in nature. Compare United States v. Scott, 270 F.3d 632, 633 (8th Cir. 2001) (rejecting sex-offender condition imposed for first time at second revocation hearing), with United States v. Smart, 472 F.3d 556, 559 (8th Cir. 2006) (finding no abuse of discretion because sex-offender condition was "reasonably related to [defendant's] history and characteristics and [public safety]").

Our prior cases show that we need not engage in "precise line-drawing" to assess Lincoln's argument; rather, we look to his "history and characteristics" and

"rehabilitative needs"—as we always do—to evaluate the condition. United States v. Fenner, 600 F.3d 1014, 1027 (8th Cir. 2010) (affirming imposition of sex-offender condition where underlying crime was drug-related).

In this case, the district court was well within its discretion to impose Special Condition #4. To start, we note that the same judge presided over both Lincoln's initial sentencing and revocation sentencing—a factor that buttresses the district court's decision because it shows that "the district court was aware of [Lincoln's] history and characteristics." United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005); see also § 3553(a)(1).

The record supports the decision as well. As noted in the Pre-Sentence Report ("PSR") from Lincoln's original sentencing, he was previously found guilty of aggravated criminal sexual assault and failure to register as a sex offender. Nonetheless, Lincoln argues that his sexual misconduct occurred when he was 15, over 20 years ago, and thus we should account for its remoteness and his capacity for change.[5] Lincoln, however, never completed a sex-offender treatment program. Cf. Fenner, 600 F.3d at 1026-27 (noting lack of treatment supported imposition of condition requiring "sex offender and/or mental health treatment"). And the probation office noted at his revocation hearing that Lincoln displayed "some moderate risk dynamic factors" for "sexual offense recidivism." Thus, the continued presence of risk factors in Lincoln, coupled with his lack of prior treatment, indicates that his "rehabilitative needs" counsel in favor of Special Condition #4. Id. at 1027; see also 18 U.S.C. § 3553(a)(2)(D) (stating "sentence imposed" should "provide the defendant with . . . medical care, or other correctional treatment").[6]

_____

[5]Lincoln was charged as an adult on the aggravated criminal sexual assault charge. He was charged for failing to register as a sex offender when he was an adult.

[6]Lincoln also attempts to challenge the description of his offense in the PSR at this stage after failing to object at the time of his sentencing (and subsequent re-

The district court's decision was all the more warranted because Lincoln had already begun complying with Special Condition #4 at the time of his revocation hearing. Lincoln had completed approximately three weeks of what the district court described as a twenty-two-week "cognitive behavioral program," the treatment program he was assigned to in relation to Special Condition #4, when his supervised release was revoked. We have previously observed that a "defendant should not benefit from supervised release violations, where special conditions of supervised release would have remained in effect at [the] time in question if [the] defendant had not violated supervised release." United States v. Big Boy, 583 F. App'x 594, 595 (8th Cir. 2014) (unpublished per curiam) (citing United States v. Lebeau, 490 F. App'x 831, 832 (8th Cir. 2012) (unpublished per curiam)). It would be paradoxical to allow Lincoln to forego a treatment program—a program he did not initially object to and which the record suggests he may benefit from—because he flagrantly violated the district court's prior orders. See United States v. Carlson, 547 F.2d 1346, 1359 (8th Cir. 1976) ("Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong." (internal quotation marks omitted)).

III.

For the foregoing reasons, we affirm the district court.

_____

sentencings). He has, however, waived that challenge. See United States v. Bledsoe, 445 F.3d 1069, 1073 (8th Cir. 2006). Lincoln's objection to the district court's factual characterization of his offense at the revocation hearing fails for that same reason because the district court was relying on the description contained in the PSR. Compare PSR ¶ 36, with Rev. Tr. 14-15; 26.