# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2045

_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Burke

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 14, 2018
Filed: January 29, 2019
[Unpublished]

_____

Before BENTON, BEAM, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In January 2017, Patrick Burke completed the in-custody term of his sentence and began a three-year term of supervised release. Slightly over a year later, Burke admitted to violating a condition of supervised release when he possessed nude

photos of his wife contrary to his probation officer's instructions. The district court[1] revoked Burke's supervised release and sentenced him to nine months' imprisonment to be followed by five years of supervised release. Burke appeals, arguing the court erred when it (1) applied his supervised release conditions in a manner that violated his First Amendment rights and (2) imposed a total alcohol ban as a special condition of supervised release. We affirm.

## I.     Background

In 2005, Burke pled guilty to an Information charging him with receipt of child pornography. A Presentence Investigation Report ("PSIR") was prepared that included this language: "Burke began using alcohol in his late teens and his parents forced him into an outpatient substance abuse treatment program." Another paragraph in the PSIR provided further information about Burke's alcohol use:

> Mr. Burke indicates he used alcohol for the first time at age 17. He states he does not use alcohol excessively and that he has not had periods of excessive alcohol use in the past. His usual frequency of alcohol use is one to two drinks every two weeks to a month. Mr. Burke was sent to an outpatient substance abuse treatment program in the late 1980s by his parents. He indicates it was not due to excessive alcohol use, but because he was drinking and his parents did not want him to do so at all.

On August 5, 2005, the district court sentenced Burke to 156 months' imprisonment to be followed by three years of supervised release. The court imposed fourteen special conditions of supervision, two of which are relevant here:

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

2. Paragraph # 7 of the Standard Conditions of supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

. . . .

7. The defendant shall not access, view or possess any pornographic sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services. The defendant shall not patronize any place where such material or entertainment is available.

Burke did not file a direct appeal or pursue relief under 28 U.S.C. § 2255.

Burke began his term of supervision on January 5, 2017. On March 27, 2018, Burke's supervising probation officer filed a Petition for Warrant or Summons for Offender Under Supervision, alleging violations of three conditions of supervised release: (1) Standard Condition #3, which required Burke to "answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer"; (2) Special Condition #7, which prohibited the possession of pornographic or sexually stimulating materials; and (3) Special Condition #10, which prohibited Burke "from using or having access to any online computer programs . . . or any other computer networking service."

Burke's revocation hearing began on April 18, 2018. He attempted to admit the third allegation, but the court struggled to find a sufficient factual basis. When Burke's attorney expressed Burke's willingness to admit the second allegation, the court responded, "[o]ne could argue that the present state of the law is problematic with regard to [the] limitation" in Special Condition #7, and explained Burke might

be unable to challenge the validity of the condition if he admitted the violation. The court continued the hearing to April 25, 2018.

At the continued hearing, Burke's attorney informed the court that the parties had reached an agreement on how to avoid the issue regarding the second allegation. In exchange for dismissal of the remaining allegations, Burke would admit to violating Standard Condition #3 by failing to follow his supervising probation officer's instruction that he not possess erotic photographs of his wife.

The district court accepted Burke's admission and revoked his supervision. The court sentenced Burke to nine months' imprisonment followed by five years of supervised release. The court imposed—without defense objection—seventeen special conditions, including Special Condition a, which prohibits Burke from purchasing, possessing, using, distributing, or administering any alcohol, narcotics, or controlled substances. Special Condition tt prohibits Burke from possessing, viewing, or using "material including videos, magazines, photographs, computer generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, as defined in 18 U.S.C. § 2256." Burke timely appealed his revocation sentence.

## II.    Discussion

Burke challenges the district court's imposition of the Special Condition related to alcohol, arguing the record lacks any evidence showing a need for a total alcohol ban. While we generally review the imposition of special conditions for abuse of discretion, we review for plain error a condition imposed without objection by a defendant. United States v. Schultz, 845 F.3d 879, 881 (8th Cir. 2017) (citing United States v. Roberts, 687 F.3d 1096, 1100 (8th Cir. 2012)). Since Burke failed to appeal the identically worded provision in 2005 and failed to object to the provision when it was reimposed at his revocation sentencing, the matter is reviewed

for plain error. On this record, the court did not plainly err by imposing the Special Condition related to alcohol. See United States v. Simons, 614 F.3d 475, 481 (8th Cir. 2010) (doubting that a total prohibition of alcohol use was supported by the evidence but holding that imposing the condition was not plain error). See also United States v. Big Boy, 583 F. App'x 594, 595 (8th Cir. 2014) (unpublished per curiam) (holding that where the defendant "did not voice any concerns about the propriety of the reimposed release condition[], . . . the court did not err, plainly or otherwise, in not examining sua sponte whether the condition[] [was] still warranted").

Burke also argues the district court erred when it revoked his supervised release based on the original Special Condition #7 because the condition was overbroad, vague, and contrary to the First Amendment. Burke mistakes the district court's decision. Burke was sentenced for a violation of a different condition—the standard condition requiring him to follow his probation officer's instructions.

In addition, as with the total alcohol ban, Burke did not raise any objection to the condition when it was originally imposed. We reject Burke's attempt to challenge the condition thirteen years after it was first imposed. See United States v. Lincoln, 876 F.3d 1137, 1140 (8th Cir. 2017) (quoting Big Boy, 583 F. App'x at 595) (holding that a defendant may not violate conditions of supervised release and then challenge for the first time a condition of supervised release that would have remained in effect were it not for the defendant's noncompliance).

### III.   Conclusion

For the foregoing reasons, we affirm the judgment of the district court.[2]

_____

_____

[2]We grant Burke's motion for leave to file his supplemental *pro se* reply brief.