# United States Court of Appeals
### For the Eighth Circuit
_____

No. 18-3113
_____

United States of America,

*Plaintiff - Appellee,*

v.

Andrew Spallek,

*Defendant - Appellant.*

_____

No. 18-3114
_____

United States of America,

*Plaintiff - Appellee,*

v.

Andrew Spallek,

*Defendant - Appellant.*

_____

Appeals from United States District Court
for the Eastern District of Missouri - Cape Girardeau

Submitted: April 18, 2019
Filed: August 19, 2019
_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Andrew Spallek appeals the imposition of a special condition of supervised release in two criminal cases. The condition forbids him, with one exception, to use a computer or the internet without the permission of the probation office. The district court[1] imposed the special condition in two separate judgments. One judgment sentenced Spallek for transporting lewd and lascivious material; the other imposed sentence after a revocation of supervised release that was imposed on a prior conviction for possession of child pornography. We conclude that the court did not abuse its discretion in fashioning the conditions of supervised release, so we affirm the judgments.

Spallek was first convicted in 2010 of possessing child pornography. *See* 18 U.S.C. § 2252A(a)(5)(B). At that time, evidence showed that Spallek was a "member" of a private members-only website dedicated to child pornography and erotica. He downloaded videos and photographs of minor children engaged in sexually explicit conduct, and admitted that he had been viewing child pornography for ten years. The district court sentenced him to thirty-seven months' imprisonment and a life term of supervised release.

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

Spallek was released from prison in January 2013. One of the special conditions of his supervised release prohibited possessing a computer or accessing the internet without prior approval from the probation office. Spallek petitioned the court in 2014 to modify the condition so that he could access the internet to assist with writing a novel. The court eventually denied the motion without prejudice after the parties agreed to resolve the matter informally. The probation office proposed a plan to provide Spallek some access to the internet, but Spallek rejected the plan as too restrictive, and the conditions of release were not modified.

The present case arises from Spallek's use of a public computer at a job center in April 2017. A forensic search of the computer revealed that Spallek had accessed websites associated with child erotica, and conducted internet searches for "girls soccer nude," "preschool girls nude," "nudist kids," "naughty kid spycam," "sleepover naked," "preteen nudity," "accidental nudism kids," and "preteen."

Based on this conduct, the government moved to revoke Spallek's supervised release from the first case, and a grand jury charged him with a new offense. Spallek admitted to violating conditions of supervised release, and, pursuant to a plea agreement, pleaded guilty to transportation of lewd and lascivious material. *See* 18 U.S.C. § 1462(a).

The district court revoked Spallek's supervised release, accepted his guilty plea to the new offense, and sentenced him to thirty-seven months' imprisonment and a life term of supervised release on the new offense, plus a consecutive four months of imprisonment and a life term of supervised release for the revocation. In both cases, the court imposed a special condition of supervised release that Spallek may not use a computer or access the internet without permission of the probation office, except that he may have access to a word processor after the probation office verifies that the device cannot connect to the internet. We review the court's imposition of this special

condition for abuse of discretion. *See United States v. Deatherage*, 682 F.3d 755, 757 (8th Cir. 2012).

A district court has broad discretion to impose special conditions of supervised release, so long as each condition complies with the requirements set forth in 18 U.S.C. § 3583(d). *Id.* at 758. Section 3583(d) requires that the conditions be "reasonably related" to certain § 3553(a) factors, "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes" enumerated in those provisions of § 3553(a), and be consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d).

The totality of the circumstances justifies the condition here. Although Spallek's offenses involved possessing child pornography and "transporting" lewd and lascivious materials for his own use, as opposed to distributing them to others, possession and receipt are still serious offenses that victimize the children depicted, and they can justify internet restrictions in appropriate circumstances. *See United States v. Morais*, 670 F.3d 889, 896-97 (8th Cir. 2012). Spallek already had demonstrated his incorrigibility by using the job center computer to seek child pornography, thus heightening the need for adequate deterrence and protection of the public. *See* 18 U.S.C. § 3553(a)(2)(B)-(C). Even so, the district court did not impose a total ban on use of computers or access to the internet. Spallek may use a word processor for writing, once lack of internet connectivity is verified by the probation office. If he has a legitimate need to access the internet, then he may seek permission from the probation office, which remains subject to supervision by the court. In light of Spallek's offense conduct and history on supervision, imposition of the special condition was not abuse of discretion.

The judgments of the district court are affirmed.

_____