# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1872
_____

United States of America,

*Plaintiff - Appellee,*

v.

James A. Walker, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: April 13, 2020
Filed: July 31, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

James A. Walker, Jr., challenges several conditions of supervised release that
were imposed in the judgment in his criminal case after a revocation of supervised
release. We conclude that there was no reversible error and affirm.

In 2010, Walker pleaded guilty in the Eastern District of Louisiana to one count of receipt of materials involving the sexual exploitation of children. *See* 18 U.S.C. § 2252(a)(2). *See* R. Doc. 1-3; Judgment, R. Doc. 65, *United States v. Walker*, No. 10-143 (E.D. La. June 6, 2012). The court sentenced him to a term of 60 months' imprisonment followed by a life term on supervised release. The court imposed thirteen standard conditions and twelve special conditions of supervised release. Walker did not challenge them on appeal.

One condition was that Walker must "not possess or use for any purpose, a computer, or television, or other instruments of communication equipped with on-line, Internet or World Wide Web access." In 2016, after Walker was released from prison, the court in Louisiana amended that condition to allow possession and use of internet-connected devices "for the purposes of employment and with the prior written approval of the U.S. Probation Officer." At the same time, the court added a thirteenth special condition requiring that Walker submit to certain searches by the probation office.

In 2018, the court transferred Walker's supervision to the Western District of Arkansas. Shortly thereafter, the probation office alleged that Walker violated two conditions of his supervised release: (1) failing to comply with a requirement of Arkansas's sex offender registration law to notify authorities after creating a Facebook account, and (2) possessing and using a laptop computer to access the internet without prior permission from his probation officer. A search of the laptop showed that Walker had used the laptop to conduct internet research on the age of consent for sexual relations in Pennsylvania.

After a hearing, the district court[1] revoked Walker's supervised release and sentenced him to six months on home detention, followed by a new five-year term of supervised release. R. Doc. 32, at 94.[2] The court imposed many of the same conditions that appeared in the judgment from the Eastern District of Louisiana, including that Walker not possess or use an internet-enabled device, "[e]xcept for the purposes of employment and with the prior written approval of the U.S. Probation Officer." In the district court, Walker objected to retaining the special condition on internet use. On appeal, he challenges twelve of the thirteen special conditions of supervised release that appear in the revocation judgment.

Walker first argues that the restriction on internet access was overly broad. Under 18 U.S.C. § 3583(d), a special condition may "involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)." *United States v. Morais*, 670 F.3d 889, 895 (8th Cir. 2012). Walker argues that *United States v. Wiedower*, 634 F.3d 490, 495 (8th Cir. 2011), and *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005), mean that a defendant who "simply used his computer to receive and possess child pornography" may not be subject to a "broad computer and internet ban." *Wiedower*, 634 F.3d at 495.

*Wiedower* and *Crume* do not establish "a *per se* rule that a district court may never impose a prior-approval Internet use restriction based on a defendant's receipt and possession of child pornography." *Morais*, 670 F.3d at 896. In any event, Walker did more than "simply" receive child pornography. In his underlying criminal

---

[1] The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

[2] The written judgment varies from the oral pronouncement and provides for a sentence of "time served," plus a term of supervised release of "five (5) years with the first six (6) months on home detention with GPS monitoring." This appeal does not require us to address the discrepancy.

case, a forensic search of Walker's computer found 170 images depicting sexual victimization of minors, and also discovered fourteen instant messages in which Walker misrepresented his identity in order to participate in conversations of a sexual nature. *See* Sentencing Transcript, R. Doc. 47, at 16, *United States v. Walker*, No. 10-143 (E.D. La. May 11, 2011). It was reasonable for the district court, in the interest of protecting the public and deterring criminal activity, to require that Walker seek approval before accessing the internet. *See United States v. Ristine*, 335 F.3d 692, 696 (8th Cir. 2003).

Walker also contends that the district court failed to engage in an individualized inquiry to support the restriction on internet usage. *See United States v. Kelly*, 625 F.3d 516, 519-20 (8th Cir. 2010). The court, however, did address the particulars of Walker's case, citing his use of the internet to search for the age of consent in Pennsylvania and the report of a treatment provider that Walker did not feel like the conditions on internet use applied to him. The record thus contains "a particularized showing of the need for the condition," *id.* at 520, and there was no error.

Although Walker did not object in the district court to any other special condition of supervised release, he now contends that we should vacate eleven others because the court failed to conduct an individualized inquiry before imposing them. All of the disputed conditions were carried over from the previous judgment entered by the district court in Louisiana, but Walker did not appeal those conditions at the time they were imposed.

We have said that when an offender violates conditions of supervised release, he may not use the revocation judgment as a vehicle to challenge conditions of release that would have remained in effect but for the violation. *United States v. Lincoln*, 876 F.3d 1137, 1139-40 (8th Cir. 2017); *United States v. Big Boy*, 583 F. App'x 594, 595 (8th Cir. 2014) (per curiam); *but see United States v. Schultz*, 845

F.3d 879, 881 (8th Cir. 2017). If Walker found these conditions objectionable based on the manner in which they were imposed, then he could have raised his objections in a timely appeal of the original sentence. At a minimum, where the district court in the revocation proceeding simply reimposed conditions to which Walker had never objected, there was no plain error in proceeding without further individualized inquiry.

The judgment of the district court is affirmed.

_____