# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2750
_____

United States of America,

*Plaintiff - Appellee,*

v.

Matthew Lee Roberson,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 17, 2025
Filed: July 29, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.

_____

PER CURIAM.

The district court[*] revoked Matthew Roberson's supervised release based on violations of conditions of release and sentenced Roberson to nine months' imprisonment followed by a life term of supervised release. Roberson appeals the district court's reimposition of two special conditions of supervised release. We affirm the judgment.

Roberson pleaded guilty in 2018 to receipt and possession of child pornography. *See* 18 U.S.C. § 2252A(a)(2), (5)(B). The district court sentenced him to seventy-eight months' imprisonment followed by a life term of supervised release. Roberson's sentence included several special conditions of supervised release.

One condition prohibited Roberson to possess or use computers, as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications devices without approval of the probation office. Another condition forbade Roberson to have direct contact with children under eighteen, including his own children, without the permission of the probation officer.

Roberson was released from prison and began his term of supervised release on September 5, 2023. Six days later, Roberson was found in possession of an unauthorized smartphone that contained child pornography. The probation office petitioned to revoke Roberson's supervised release. At the revocation hearing, Roberson admitted to three violations of his conditions of release. The district court revoked Roberson's term of supervised release and sentenced him to nine months' imprisonment to be followed by a new life term of supervised release.

---

[*]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

At the revocation hearing, the court reimposed the special conditions that required Roberson to obtain permission from a probation officer in order to possess or use computers and to have direct contact with minor children. The oral pronouncement omitted the citation to 18 U.S.C. § 1030(e)(1) to define computers. The written judgment, issued later that day, imposed the same conditions and included the citation to 18 U.S.C. § 1030(e)(1) to define computers. Roberson raised no objections at the revocation hearing.

On appeal, Roberson raises three arguments challenging the reimposition of the special conditions. Roberson first challenges the limitation on contact with minors on the ground that it allegedly impairs a constitutional right to rear his son. But according to an undisputed paragraph in the presentence report, Roberson's son is now eighteen years old, so the condition does not restrict contact between Roberson and his son. The challenge to this condition is therefore moot.

Roberson next contends that 18 U.S.C. § 1030(e)(1) includes an overly broad definition of computers, and thus imposes a greater deprivation of liberty than reasonably necessary for the purposes set forth in the relevant subsections of 18 U.S.C. § 3553(a). *See id.* § 3583(d)(2). He also argues that the district court impermissibly expanded the oral pronouncement in its written judgment by defining computers with reference to the statute.

We need not address those points because Roberson's challenge to this previously-imposed supervise-release condition is procedurally barred. *United States v. Simpson*, 932 F.3d 1154, 1156 (8th Cir. 2019). The written judgment prohibiting Roberson to use computers as defined in 18 U.S.C. § 1030(e)(1) is identical to the judgment imposed at his initial sentencing in 2018. "A defendant may challenge the validity of his underlying conviction and sentence through a direct appeal or a *habeas corpus* proceeding, not through a collateral attack in a supervised-release revocation proceeding." *United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009). Roberson

does not assert any changed circumstances that might provide a basis for modification of this condition.

Roberson also disputes the condition restricting his computer usage. He argues that changed circumstances make the condition inappropriate. Roberson contends that computers play a greater role in his vocation as an auto mechanic than they did at the time of his sentencing in 2018. A court may modify supervised release conditions under certain circumstances. 18 U.S.C. § 3583(e). But Roberson did not seek modification or object to the condition at his revocation hearing, so we review the claim for plain error. *See United States v. Schultz*, 845 F.3d 879, 881 (8th Cir. 2017). The district court did not plainly err in not examining *sua sponte* whether technological developments warranted an adjustment in Roberson's supervised release conditions. *See United States v. Big Boy*, 583 F. App'x 594, 595 (8th Cir. 2014). It is not obvious from the record that circumstances in the auto repair business have changed significantly or that any change in the use of technology would make the restriction on computer access inappropriate in light of Roberson's offense and violations of supervised release.

The judgment of the district court is affirmed.

_____