# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2862
_____

United States of America

*Plaintiff - Appellee*

v.

Devin Allen Wolfe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: April 22, 2026
Filed: May 11, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Devin Allen Wolfe appeals after the district court[1] revoked his supervised release for the third time. He challenges the reimposition of three conditions of

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

supervised release, arguing that they violate his constitutional rights and involve a greater deprivation of liberty than is reasonably necessary.

After carefully considering the record and the parties' arguments, we conclude that Wolfe is barred from challenging the reimposed conditions. See, e.g., United States v. Simpson, 932 F.3d 1154, 1156 (8th Cir. 2019) (holding that defendant's "objection to the court reimposing old supervised release conditions amounts to an improper collateral attack of the underlying sentence"); see also United States v. Lincoln, 876 F.3d 1137, 1139-40 (8th Cir. 2017) (recognizing that defendant should not be able to benefit by violating a condition that would have otherwise remained in effect but for the noncompliance, but then still get to challenge it); cf. United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) ("Where a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter."). In any event, we conclude Wolfe's challenges fail on the merits. Even assuming he did not waive or forfeit a challenge to the challenged standard and special conditions, see United States v. Corn, 47 F.4th 892, 895 (8th Cir. 2022) (discussing the invited-error doctrine); United States v. Floss, 42 F.4th 854, 864 (8th Cir. 2022) (applying plain-error review when defendant made a "blanket, generalized objection" to the constitutionality of a condition), the district court did not err, plainly or otherwise, by imposing them, see, e.g., United States v. Sterling, 959 F.3d 855, 861-62 (8th Cir. 2020); United States v. Norris, 62 F.4th 441, 452 (8th Cir. 2023); United States v. Spallek, 934 F.3d 822, 824 (8th Cir. 2019); United States v. Morais, 670 F.3d 889, 895-97 (8th Cir. 2012).

Accordingly, we grant Wolfe's motion to supplement the record, and we affirm the judgment of the district court.

_____